ROBERT R. CAMPBELL *v.* ELMER E. KELLEY.

(70 A2d 245)

November Term, 1949.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ. Opinion filed January 3, 1950.

*Raymond Trainor* and *Everett L. Hathorn* for the defendant.

*Barber & Barber* for the plaintiff.

CLEARY, J.  This is an action of contract.  The plaintiff first declared in special assumpsit on a written agreement dated April

19, 1938, and alleged that under the agreement plaintiff was to continue to exercise his best efforts in the negotiating for the sale of or the granting of licences under certain Letters Patent; that in consideration thereof defendant agreed to pay plaintiff one half of whatever monies were to be received from the sale of or the granting of rights and licences under said patents; that subsequently the rights to manufacture and sell machines pursuant to the patents were leased to Billings and Spencer Company whereby that company was to pay royalties; that the defendant paid plaintiff one half of the royalties received until the end of the calendar year 1947 but refused and neglected to do so for the year 1948 and that defendant owed plaintiff $750. Plaintiff also declared under the common counts in general assumpsit with specifications.

Defendant answered that plaintiff had not fulfilled but had totally and wholly disregarded his duties under the contract and had repudiated the contract by wholly failing to continue exercising his best efforts to sell or negotiate for the sale of or granting of rights and licences under the patents.

Trial was by jury. At the close of plaintiff's case the defendant rested and each party moved for a directed verdict. The case is here on defendant's exceptions to the granting of plaintiff's motion, to the denial of defendant's motion and to the exclusion of two questions asked the plaintiff in cross examination.

■ The contract relied on here is a mutual one. In such cases, before a recovery can be had on either side, there must be proof that the party complaining performed or offered to perform on his part. *Bruce* v. *Crews,* 39 Ga 544, 99 Am Dec 467, 469; *Thomas* v. *Matthews,* 94 Ohio St 32, 113 NE 669, LRA 1917 A 1068, 1074; *Jones* v. *Marsh,* 22 Vt 144, 147, 148; *Paige* v. *Hammond et al,* 26 Vt 375, 379. See also *Hambleton* v. *U. Aja Granite Company,* 96 Vt 199, 202, 118 A 878, and cases there cited.

The plaintiff alleged in his declaration that the consideration for the defendant's agreement was the agreement by the plaintiff to continue to use his best efforts in negotiating for the sale of or the granting of licences under the patents. The lease from the defendant to Billings and Spencer Company was prior to the date of plaintiff's contract with defendant, not subsequent as alleged by plaintiff. That lease gave Billings and Spencer Company the option to buy the patents for $40,000. There was no evidence that the plaintiff made any effort to continue to negotiate for the sale

of the patents to Billings and Spencer Company during the year 1948 or to anyone else during that time.

In his brief the plaintiff argues that defendant is liable because the plaintiff admittedly has received one half of all royalties paid by Billings and Spencer Company from 1938 to the end of 1947, so the parties construed the agreement by over eight years of their conduct and cites *Cray* v. *Bellows Falls Ice Co.,* 108 Vt 190, 194, 184 A 695. But that case is not in point. There the court said in determining the meaning of an indefinite and ambiguous contract, the construction placed upon it by the parties may be considered by the court. The contract here is not indefinite or ambiguous as the plaintiff admits in his brief.

■■ Plaintiff's duty under his contract was a continuing one and performance of that duty was essential to his right of recovery. When performance was challenged by the defendant's answer the burden was on the plaintiff to prove it. See *Mann* v. *Mann's Estate,* 53 Vt 48, 56; *Drouin* v. *Wilson,* 80 Vt 335, 342, 67 A 825, 13 Ann Cas 93. From the nature of the case the means of proof were peculiarly within the knowledge of the plaintiff and not of the defendant and so, for that additional reason, the burden of proof was on the plaintiff. *Singer Mfg. Co.* v. *Nash,* 70 Vt 434, 437, 41 A 429; *Rainey* v. *Grand Trunk Railway Co.,* 84 Vt 521, 527, 80 A 723.

Since no evidence was introduced to show performance the defendant's motion for a verdict should have been granted rather than the plaintiff's. Therefore, it is unnecessary to consider other exceptions briefed by the defendant. *Judgment reversed and judgment for the defendant to recover his costs.*